USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 06/01/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
YEIMI "JENNY" PAREDES, :
:
                                Plaintiff, :     18-CV-1638 (JMF)
:
              -v- :     MEMORANDUM
:     OPINION AND ORDER
J&B CLEANERS, INC., et al., :
:
                              Defendants. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      On May 23, 2018, Plaintiff in this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, filed a Notice of Settlement. (Docket No. 14). By Order entered May 24, 2018, the Court directed the parties to submit their settlement and a joint letter explaining why the Court should approve the settlement, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). (Docket No. 15).

      The Court, having reviewed the parties' joint letter and settlement agreement, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiffs' individual claim as well as the risks and expenses involved in additional litigation (including Defendants' financial condition). *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *cf. Lujan v. Cabana Mgmt., Inc.*, No. 10-CV-755 (ILG), 2011 WL 3235628, at *2 (E.D.N.Y. July 27, 2011) (noting "the risk of explicit or implicit coercion in the employment context" in FLSA litigation);

*Gortat v. Capala Bros., Inc.*, 07-CV-3629 (ILG) (SMG), 2009 WL 3347091, at *11 (E.D.N.Y. Oct. 16, 2009), *report and recommendation adopted by* 07-CV-3629 (ILG), 2010 WL 1423018 (E.D.N.Y. Apr. 9, 2010) (noting the heightened concern over coercion in FLSA litigation when plaintiffs "are involved in an ongoing business relationship with defendants, and . . . are dependent on defendants for employment").

Plaintiff also seeks the Court's approval to allocate $9,979 of the settlement to attorney's fees and costs. (Docket No. 16, at 2). In evaluating an attorney's fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *See Goldberger v. Integrated Res., Inc.,* 209 F.3d 43, 50 (2d Cir. 2000). In addition to considering those factors, commonly referred to as the "*Goldberger* factors," a court may use one of two methods to calculate attorney's fees: the "lodestar" method or the "percentage of the fund" method. *See, e.g., McDaniel v. Cnty. of Schenectady,* 595 F.3d 411, 417 (2d Cir. 2010). Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes reasonable attorney's fees. *See, e.g., Baffa v. Donaldson Lufkin & Jenrette Secs. Corp.,* No. 96-CV-583 (DAB), 2002 WL 1315603, at *1 (S.D.N.Y. June 17, 2002).

After due consideration of all the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive. Most significantly, the size of the requested fee in relation to the total settlement — approximately 33% — is unreasonably high given the actual work that counsel did on the case. Although courts in this Circuit typically approve attorney's fees that range between 30 and 33%, *see Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v.*

*AllianceBernstein LP,* No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.,* 293 F.R.D. 467, 481 (S.D.N.Y. 2013), the circumstances here do not warrant the award of such a high proportion.

A primary consideration supporting a reduction in the fee request is that the documentation submitted to support the proposed award is inadequate. An attorney submitting a proposed award of attorney's fees "must document the application with contemporaneous time records" so the court can review the time and labor counsel expended on the case. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey,* 711 F.2d 1136, 1148 (2d Cir. 1983). Here, Plaintiff's counsel fails to provide not only contemporaneous billing records, but also any description of the work undertaken in relation to this case. The inadequacy of this documentation undermines the Court's ability to evaluate the reasonableness of the fee request and provides an independent basis to reduce the fee award. *Cf. Adusumelli v. Steiner,* Nos. 08-CV-6932 (JMF), 09-CV-4902 (JMF) & 10-CV-4549 (JMF), 2013 WL 1285260, at *2, 4-5 (S.D.N.Y. Mar. 28, 2013) (reducing a fee request based in part on the use of "block billing," a "time-keeping practice that involves stating the total daily time spent on a case, rather than separating out the time into individual entries describing specific activities" because it "limits the Defendants' and the Court's ability to evaluate the reasonableness of the fee requests" (internal quotation marks omitted)); *Mendez,* 907 F. Supp. 2d at 359 (similar); *Spalluto v. Trump Int'l Hotel & Tower*, No. 04-CV-7497 (RJS) (HBP), 2008 WL 4525372, at *8-9 (S.D.N.Y. Oct. 2, 2008) (similar); *Kirsch v. Fleet St., Ltd.*, 148 F.3d 149, 173 (2d Cir. 1998) (similar).

In addition, this case involved a standard wage-and-hour dispute — one that, because of its speedy resolution, did not even require counsel to appear for an initial pre-trial conference or a settlement conference. (*See* Docket No. 15). In light of the seeming lack of complexity of

legal issues at play in the case and the absence of any documentation of Plaintiff's counsel's efforts, let alone description of the work involved, the Court finds that an award of 20% is more than sufficient to compensate Plaintiffs' counsel, and that anything above that percentage would be unreasonable. Accordingly, the Court awards attorney's fees of $6,000.

Finally, although a party is required support a request for costs with documentation to support those costs, counsel did not provide separate documentation of costs in this case. As such, the court grants only an additional $400 (for the expense of filing fees) to the award, resulting in a total of $6,400.00 for attorney's fees and costs. *See, e.g.*, *Li Ping Fu v. Pop Art Int'l, Inc.*, No. 10-CV-8562 (DLC), 2011 WL 6092309, at *2 (S.D.N.Y. Dec. 7, 2011) (adopting a magistrate judge's report and recommendation as to damages because it "correctly award[ed] $350 in costs to the plaintiff, taking judicial notice of the Court's own filing fee while excluding those other costs for which the plaintiff did not supply supporting documentation"). The remainder of the overall award shall go directly to Plaintiff.

The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: New York, New York
June 1, 2018

JESSE M. FURMAN
United States District Judge